UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JUL 15 PM 3:24

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

VICKI JONES,

    Plaintiff,

v.

BLUESTEM BRANDS, INC.,
d/b/a FINGERHUT,

    Defendant.

_____/

CASE NO.:

6:16-cv-1274-ORL41KRS

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Vicki Jones, by and through the undersigned counsel, files suit against Bluestem Brands, Inc. d/b/a Fingerhut, and states as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1



3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Volusia County, Florida.

## PARTIES

4. Plaintiff, Vicki Jones ("Ms. Jones" or "Plaintiff"), is a natural person who resides in Volusia County, Florida. Plaintiff is also a "consumer" as that term is defined by Fla. Stat. § 559.55(8) with a "consumer debt" under Fla Stat. § 559.55(6), and is a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant, Bluestem Brands, Inc., d/b/a Fingerhut ("Fingerhut" or "Defendant"), is a Delaware corporation, does business in the State of Florida, is a "creditor" as defined by Fla. Stat. § 559.55(5), and is a "person" as used in U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in 2015, Ms. Jones began to receive multiple telephone calls from Fingerhut to her cell phone in an attempt to collect a debt (the "Debt"). The Debt was a transaction primarily for personal and household purposes; therefore, the Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

9. During multiple telephone conversations with Fingerhut, Ms. Jones told representatives of Fingerhut that she would not make any payments on the Debt and instructed the Fingerhut representatives to stop calling her cell phone.

10. Ms. Jones also told Fingerhut representatives that she was unable to pay the Debt due to the fact that she had suffered from a brain aneurysm and a stroke which prohibited her from working. Ms. Jones sent Fingerhut representatives medical records showing that she could not work.

11. Ms. Jones told Fingerhut representatives that she purchased insurance coverage on the Debt, which covered her in the event that she became unemployed due to medical issues.

12. Nonetheless, although Ms. Jones stated that she would not make any payments on the Debt and instructed Fingerhut to stop calling her cell phone, Fingerhut continued to repeatedly call Ms. Jones' cell phone in an attempt to collect the Debt directly from Ms. Jones.

13. Fingerhut placed the calls using an automated telephone dialing system without Ms. Jones' express consent. This was evidenced by the excessively high frequency volume of calls made to Ms. Jones' cell phone from Fingerhut.

14. Fingerhut called Ms. Jones' cell phone approximately five (5) days a week, approximately two (2) to five (5) times a day.

15. Fingerhut called from at least the following phone numbers:

800-503-2463
800-503-2370
866-836-8987
800-503-2462

16. As detailed below, Fingerhut's conduct constitutes a violation of the FCCPA and TCPA.

## COUNT I

### VIOLATION OF THE FCCPA BY DEFENDANT FINGERHUT

17. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

18. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) ... assert the existence of some other legal right when such person knows that the right does not exist.

21. Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

4

22. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATIONS OF THE TCPA BY DEFENDANT FINGERHUT

26. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth herein.

28. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

31. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

32. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

33. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34. Based upon the willful, knowingly, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: July 15, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:   (813) 336-0832

/s/ _____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff